## JAMES PHELPS *v.* JAS. N. NESBITT.

**Alteration of Instruments—Material Allegation—Interest Clause.**
> The changing of a note after execution and delivery, by inserting in the body thereof the words "to bear interest from date," is a material alteration.

**Alteration of Instruments—Change to Conform to Agreement.**
> After a note has been executed and delivered, one party can not without the consent of the other change the note to conform to the contract between them.

### APPEAL FROM BATH CIRCUIT COURT.

December 30, 1872.

OPINION BY JUDGE LINDSAY:

The defense relied upon by appellee is that the note sued on was materially altered after its execution without his consent, and therefore that it was not his act and deed.

The alleged alteration is that the words "to bear interest from date," were inserted in the face of the note.

It can not be doubted that the alteration, if made, was material, as it increased the liability of the persons to the extent of one year's interest upon the amount of the note.

It is not necessary that we should review the testimony. The verdict is not palpably wrong, and ought not to be disturbed unless the jury were misinstructed as to the law of the case. Instructions Nos. 2, 3, 4 and 5, asked for by appellant, were properly refused for the reason that it is assumed in each of them that Daugherty and appellant had the right after Nesbitt had signed the note to so alter it as to make it conform to the contract between them.

This is not the law. Nesbitt is bound only to execute his own contract, and the note as executed by him is the best evidence as to what that contract was. If it was not in accordance with the agreement between appellant and Daugherty, the principal, the former had the option to refuse to advance the money upon it, but had not the right even with the principal's consent, to change it, and thereby bind Nesbitt by a contract to which he had never assented. Nor does this case come within the rule, that sureties are bound to the payee of a note, although it is delivered by the principal without obtaining the signatures of other parties as sureties whose signatures he agreed to procure. The defense in this case is that the note was complete when signed by Nesbitt. Nothing was to be done except to deliver it. Daugherty was the agent of Nesbitt for this and for no other purpose.

For the reasons indicated Instructions Nos. 8 and 9 were properly modified.

Instructions Nos. 10 and 11, given at the instance of appellee, substantially embody the law.

Judgment *affirmed*.

*Reid & Stone, for appellant.*

*Nesbitt, for appellee.*